Filed 7/23/25  P. v. Newell CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY EDWARD NEWELL,<br><br>        Defendant and Appellant. | A171616<br><br>(Humboldt County<br>Super. Ct. No. CR2202174) |

In issuing a warrant for a search of defendant Jeffrey Edward Newell's residence, a magistrate sealed an excerpt of the search warrant affidavit's statement of probable cause pursuant to *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*).  When the warrant was executed, police found various narcotics, paraphernalia indicating an intent to sell, and a shotgun in Newell's bedroom.  Newell filed a motion to unseal the statement of probable cause and to traverse and quash the warrant and a sealed section from a prior warrant (*Hobbs* motion).  Following an in camera hearing, the trial court denied the motion.

On appeal, Newell requests this court to review the sealed statement of probable cause to determine whether the trial court erred in denying his *Hobbs* motion.  Having done so, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Humboldt County Drug Task Force served a search warrant at Newell's residence. Officers found three-quarters of a pound of methamphetamine, several prepackaged ounce and half-ounce bags of methamphetamine, a digital scale, additional packaging material, a baggie of heroin, and a loaded 12-gauge shotgun. Newell admitted owning the narcotics, but claimed they were for personal use, and denied knowledge of the shotgun.

The Humboldt County District Attorney filed an information charging Newell with possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 2), possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 3), and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 4).

Newell filed motions to (1) quash and traverse the warrants, and (2) disclose the sealed portions of the affidavit in support of the warrants. The trial court reviewed the sealed affidavits pursuant to *Hobbs*, *supra*, 7 Cal.4th 948, found the affidavits established probable cause, and denied the motion to quash/traverse. The court also denied the motion to disclose the sealed portions of the affidavits.

Newell subsequently pled guilty to possession for sale of a controlled substance (count 3), and the remaining counts were dismissed. The trial court sentenced Newell to a two-year midterm sentence.

Newell timely appealed and obtained a certificate of probable cause.

DISCUSSION

Newell requests this court review the denial of his motion to quash and traverse the search warrants and suppress evidence obtained pursuant to the search warrants. The Attorney General does not oppose Newell's request.

## I. Relevant Law

Under Evidence Code sections 1041 and 1042, all or part of an affidavit in support of a search warrant may be sealed when necessary to protect the identity of a confidential informant. (*Hobbs*, *supra*, 7 Cal.4th at pp. 963, 970–971.) But when an affidavit in support of a search warrant has been sealed, it conflicts with a defendant's right to "reasonable access to information that might form the basis for challenging the validity of a search warrant." (*Id.* at p. 962.) In this situation, a defendant may file a "*Hobbs* motion" to have the trial court either unseal the affidavit and/or to have the trial court review the affidavit in camera to determine whether it provides probable cause for the issuance of the search warrant. (*Id.* at p. 975.) The court then must "examine the affidavit for possible inconsistencies or insufficiencies regarding the showing of probable cause." (*Id.* at pp. 973, 970.) A trial court should review "all the relevant materials in camera to determine whether they will support defendant's challenges to the search warrant." (*Id.* at p. 971.)

In conducting such a review, the "first step is to determine whether the affidavit or any major portion of it has been properly sealed." (*People v. Heslington* (2011) 195 Cal.App.4th 947, 957 (*Heslington*).) Courts must consider two issues: (1) " 'whether sufficient grounds exist for maintaining the confidentiality of the informant's identity' "; and (2) " 'whether the extent of the sealing is necessary to avoid revealing the informant's identity.' " (*Ibid.*)

If the court concludes the affidavit was properly sealed, the court then considers the second step of the *Hobbs* procedure. (*Hobbs*, *supra*, 7 Cal.4th at pp. 974–975.) At this step, the court must "determine whether 'there is a reasonable probability the defendant would prevail' on his suppression motion." (*Heslington*, *supra*, 195 Cal.App.4th at p. 957.) On a motion to quash, the court must assess "whether, under the 'totality of the circumstances' presented in the search warrant affidavit and the oral testimony . . . there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant." (*Hobbs*, *supra*, 7 Cal.4th at p. 975.) On a motion to traverse, the court determines whether the defendant's general allegations of misrepresentations or omissions are supported by the search warrant affidavit or testimony offered at the in camera hearing. (*Id.* at pp. 974–975.) If the court concludes there is a reasonable probability of success, the People must consent to the release of the sealed portion, or the court "must grant the defendant's motion." (*Heslington*, *supra*, 195 Cal.App.4th at pp. 957–958, italics omitted.) "We independently review the court's decision to seal a portion of the search warrant affidavit." (*People v. Camel* (2017) 8 Cal.App.5th 989, 1009.)

## II. Analysis

Having reviewed the warrants and the sealed excerpts from the statements of probable cause, we conclude the trial court did not err in ordering the statements of probable cause to remain sealed. (See *People v. Martinez* (2005) 132 Cal.App.4th 233, 241–242 [appellate court conducts an independent review of the sealed materials].) Sufficient grounds support maintaining the confidentiality of the informant's identity. Releasing any sealed information would tend to reveal that identity. There were no

material misrepresentations or omissions in the sealed affidavits. We agree with the trial court and conclude that under the totality of the circumstances, the warrants were supported by probable cause.

## DISPOSITION

The order is affirmed.


Petrou, J.


WE CONCUR:


Tucher, P. J.

Rodríguez, J.


5

A171616/*People v. Newell*